UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK HOLMES, | ) |
|           Petitioner, | ) |
|       v. | ) No. 1:20-cv-00847-SEB-TAB |
| STATE OF INDIANA, | ) |
|           Respondent. | ) |

**Order Dismissing Petition and Directing Entry of Final Judgment**

Mr. Holmes's petition for writ of habeas corpus challenging his state conviction was filed on March 16, 2020. The petition stated that the state trial court denied Mr. Holmes's petition for post-conviction relief on February 7, 2020, but the online state court docket in case number 49G21-1904-PC-012590 indicates that the state petition remains pending. *See* https://public.courts.in.gov/mycase (public case search) (last visited Apr. 13, 2020). Mr. Holmes marked "N/A" on the section of the federal habeas petition addressing whether he appealed the disposition of his state petition for post-conviction relief to the highest state court.

The Court issued an order to Mr. Holmes giving him an opportunity to show cause why his petition should not be dismissed without prejudice for failure to exhaust his state court remedies. Dkt. 5. Mr. Holmes replied on April 13, 2020, arguing that the state court denied his petition for post-conviction relief on March 3, 2020, and asking the Court to excuse his failure to exhaust his state court remedies.

Mr. Holmes is correct that procedural default caused by failure to exhaust state remedies can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722,

750 (1991); *Moffat v. Broyles,* 288 F.3d 978, 982 (7th Cir. 2002). But it is not clear that Mr. Holmes has procedurally defaulted his claims. The online state court docket indicates that his state petition remains pending. If true, Mr. Holmes must await the state court's decision, and appeal that decision and exhaust his claims through one complete round of state court review before refiling his petition in federal court. "To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). "Fair presentment requires . . . the petitioner [to] raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory," such as the Indiana Supreme Court. *King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) (citation and quotation marks omitted).

If Mr. Holmes is correct that the state court denied his petition for post-conviction relief on March 3, 2020, then he should have appealed that decision. If he did, his state petition is still pending and is unexhausted. If he did not timely appeal the state post-conviction court's decision, his claims may be procedurally barred.

Mr. Holmes has not shown cause for failing to exhaust his claims in state court. He argues that as a pro se litigant, he thought this Court's prior instruction to exhaust his state court remedies only required him to pursue his claim at the state trial court level, which he has done. His argument fails. This Court's denial of Mr. Holmes' prior petition on failure to exhaust grounds explained that this Court could not review his petition until he had presented his claims through one complete round of state court review which includes seeking discretionary review by the Indiana Supreme

Court. *Holmes v. Indiana Department of Correction*, 3:18-cv-00195-RLY-MPB, dkt. 19 (March 26, 2019).

Finally, Mr. Holmes asks this Court to stay proceedings in this action to allow him to exhaust his state court remedies. The Supreme Court has held that stay and abeyance in habeas actions should be granted only when the petitioner demonstrates good cause for failing to exhaust arguably meritorious claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Mr. Holmes has not shown good cause for failing to exhaust his state court remedies. District courts may stay a fully unexhausted petition, such as Mr. Holmes's, if the one-year limitations period has expired or is close to expiring. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Holmes has several months remaining on his one-year limitations period, so a dismissal of his petition now does not prevent him from refiling the petition once he has exhausted his state court remedies. Therefore, a stay of this action is not warranted.

Mr. Holmes is notified that "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Holmes's conviction became final on August 11, 2018, when his time to seek transfer to the Indiana Supreme Court on his direct appeal expired. He, therefore had one year from that date to file his federal habeas petition. The one-year clock stopped when Mr. Holmes filed his state petition for post-conviction relief on April 2, 2019. The clock will resume upon completion of those proceedings.

It is clear from Mr. Holmes's petition and his return to the show cause order that he has not exhausted his state court remedies. It is not clear whether his claims are now procedurally barred. Because Mr. Holmes may still be able to exhaust his state court remedies, his petition is **dismissed without prejudice**, which means that he may refile his petition after exhausting his state court remedies.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: _____4/17/2020_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

PATRICK HOLMES
267405
EDINBURGH – CF
EDINBURGH CORRECTIONAL FACILITY
Inmate Mail/Parcels
P.O. Box 470
Edinburgh, IN 46124